1  Thomas P. Riley, SBN 194706
2  LAW OFFICES OF THOMAS P. RILEY, P.C.
   First Library Square
3  1114 Fremont Avenue
4  South Pasadena, CA 91030-3227

5  Tel:  626-799-9797
6  Fax:  626-799-9795
7  TPRLAW@att.net

8  Attorneys for Plaintiff
9  J & J Sports Productions, Inc.

10                UNITED STATES DISTRICT COURT
11                         FOR THE
                  NORTHERN DISTRICT OF CALIFORNIA
12                SAN FRANCISCO-OAKLAND DIVISION

13

| J & J SPORTS PRODUCTIONS, INC., | Case No.: 3:17-cv-6421 |
|---|---|
| Plaintiff, | COMPLAINT |
| vs. | |
| RIGOBERTO MENDOZA-LOPEZ, individually and d/b/a SOFIA'S RESTAURANT, | |
| Defendant. | |

24  ///
25  ///
26  ///
27  ///
28  ///

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.       Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq,* and California B&P Section 17200, a California state statute.

2.       This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.       This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the

Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* Defendant reside within the State of California (28 U.S. C. § 1391 (b) and 28 U.S.C. § 84(c)(2)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the San Francisco-Oakland Division of the Northern District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in Alameda County and/or the United States District Court for the Northern District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128.

///

7. Defendant Rigoberto Mendoza-Lopez is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Sofia's Restaurant operating at 1162 West Tennyson Road, Hayward, California 94544.

8. Defendant Rigoberto Mendoza-Lopez is the sole individual specifically identified on the California Department of Alcoholic Beverage Control license No. 559230 issued for Sofia's Restaurant as the Licensee.

9. Plaintiff is informed and believes, and alleges thereon that on Saturday, November 5, 2016 (the night of the *Program* at issue herein, as more specifically defined in paragraph 14), Defendant Rigoberto Mendoza-Lopez had the right and ability to supervise the activities of Sofia's Restaurant, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on Saturday, November 5, 2016 (the night of the *Program* at issue herein, as more specifically defined in paragraph 14), Defendant Rigoberto Mendoza-Lopez, as the sole individual specifically identified on the California Department of Alcoholic Beverage Control License for Sofia's Restaurant, had the obligation to supervise the

activities of Sofia's Restaurant, which included the unlawful interception of Plaintiff's *Program.*

11.     Plaintiff is informed and believes, and alleges thereon that on Saturday, November 5, 2016 (the night of the *Program* at issue herein, as more specifically defined in paragraph 14), Defendant Rigoberto Mendoza-Lopez specifically directed or permitted the employees of Sofia's Restaurant to unlawfully intercept and broadcast Plaintiff's *Program* at Sofia's Restaurant, or intentionally intercepted, and/or published the *Program* at Sofia's Restaurant himself. The actions of the employees of Sofia's Restaurant are directly imputable to defendant Rigoberto Mendoza-Lopez by virtue of his acknowledged responsibility for the operation of Sofia's Restaurant.

12.     Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Rigoberto Mendoza-Lopez, resulted in increased profits for Sofia's Restaurant.

## COUNT I

**(Violation of Title 47 U.S.C. Section 605)**

///
///

13.     Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-12, inclusive, as though set forth herein at length.

14.     Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to of *Jessie Vargas v. Manny Pacquiao WBO World Welterweight Championship Fight Program,* telecast nationwide on Saturday, November 5, 2016 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

15.     Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

16.     As a commercial distributor and licensor of sporting events, including the

///

*Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

17.     With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendant, either through direct action or through actions of employees or agents directly imputable to Defendant (as outlined in paragraphs 7-12 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at his commercial establishment in Hayward, California located at 1162 West Tennyson Road, Hayward, California 94544.

18.     Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition of the Program by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

19.     Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

20. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, violated Title 47 U.S.C. Section 605, *et seq.*

21. By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

22. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from the Defendant:

   (a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

   (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

   (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

///

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

23.   Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24.   The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendant was prohibited by Title 47 U.S.C. Section 553, *et seq.*

25.   By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 553, *et seq.*

26.    By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

27.   As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from Defendant:

  (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

  (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

  (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

  (d) and in the discretion of this Honorable Court, reasonable attorneys' fees pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III

**(Conversion)**

28. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-27, inclusive, as though set forth herein at length.

///

29. By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at himself commercial establishment at the above-captioned address, the aforementioned Defendant, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

30. The aforesaid acts of the Defendant was willful, malicious, egregious, and intentionally designed to harm Plaintiff J & J Sports Productions, Inc., by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendant subjected the Plaintiff to severe economic distress and great financial loss.

31. Accordingly, Plaintiff J & J Sports Productions, Inc., is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendant as the result of the Defendant's egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT IV

**(Violation of California Business and Professions Code Section 17200, *et seq*.)**

///

32.  Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1-31, inclusive, as set forth herein at length.

33.  By contract, Plaintiff J & J Sports Productions, Inc., was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

34.  Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendant.

35.  With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, Defendant either through direct action or through actions of employees or agents directly imputable to Defendant by virtue of himself respective position and authority did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the real time transmission of the *Program's* broadcast at the commercial establishment, as more particularly indicated and identified above.

36.  Plaintiff is informed and believes and alleges thereon that the Defendant and/or her agents, servants, workmen, or employees performed the aforementioned

acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendant, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

37. The Defendant's unauthorized interception, publication, divulgence and/or exhibition was done by the Defendant wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

38. The aforementioned unlawful acts of each of the Defendant constituted, unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendant, and each of them, violated California and Professions Code Section 17200, *et seq.*

39. As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

///

///

40. By reason of the Defendant's violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff J & J Sports Productions, Inc. is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendant's ill-gotten gains, as well as injunctive and declaratory relief, from Defendant as may be made more appropriately determined at trial.

41. Plaintiff is entitled to its attorneys' fees from the Defendant for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendant and

2. For reasonable attorneys' fees as mandated by statute, and

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendant and

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against the Defendant and

2. For exemplary damages against the Defendant, and

3. For punitive damages against the Defendant, and

4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

5. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;

6. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1. For restitution to the Plaintiff in an amount according to and from the Defendant, for his ill-gotten gains, and;

2. For declaratory relief, and;

3. For prohibitory and mandatory injunctive relief, and;

4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

5. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

6. For such other and further relief as this Honorable Court may deem just and proper.

Dated: October 13, 2017         */s/ Thomas P. Riley*
                                **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                By:  Thomas P. Riley
                                Attorneys for Plaintiff
                                J & J Sports Productions, Inc.

///
///
///
///
///