UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RIGOBERTO MENDOZA-LOPEZ, <br><br> Defendant. | Case No. 17-cv-06421-YGR <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING MOTION FOR DE NOVO DETERMINATION; AND GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 16, 23, 25 |

The Court has reviewed the Report and Recommendation Re: Plaintiff's Motion for Default Judgment issued by Magistrate Judge Jacqueline Scott Corley (Dkt. No. 23, "Report"), and the objection thereto filed by Plaintiff J&J Sports Productions, Inc. as a Motion for De Novo Determination Re: Motion for Default Judgment (Dkt. No. 25.) Defendant raises three objections: (1) that the Report made an award of damages under 47 U.S.C. section 553 rather than section 605; (2) that the Report's recommended statutory damages in the amount of $2,000 is insufficient to compensate plaintiff; and (3) that the Report employed improper legal standards in denying an award of enhanced damages.

For the reasons stated herein, the Court **OVERRULES** plaintiff's objections. The Court finds the Report correct, well-reasoned, and thorough, and adopts it in every respect.

**I. SECTION 605 VIOLATION WAS NOT ALLEGED**

First, as to the objection that damages should have been awarded under section 605 rather than section 553, the Court finds that the Report correctly concluded that section 553 is the only appropriate remedy here. Section 605 prohibits commercial establishments from intercepting and broadcasting *satellite cable* programming, while section 553 prohibits interception and broadcast of a *cable* signal. 47 U.S.C. §§ 553, 605. Courts in this District interpreting these statutes have found these methods of interception to be distinct and not overlapping. *See, e.g., J & J Sports*

1  *Prods., Inc. v. Mosley*, No. 10–5126, 2011 WL 2066713, at *3 (N.D. Cal. Apr. 13, 2011); *J & J*
2  *Sports Prods., Inc. v. Ro*, No. C 09-02860 WHA, 2010 WL 668065, at *3, 8 (N.D. Cal. Feb. 19,
3  2010). The Ninth Circuit has not spoken on the matter, but "the majority of circuits [hold] that §
4  605 does not encompass . . . the receipt or interception of communications by wire from a *cable*
5  system." *J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir.
6  2014) (emphasis supplied) (citing decisions of the First, Third, and Seventh Circuits). To hold
7  otherwise—that is, to find that section 605 encompasses regular, non-satellite cable
8  transmissions—would "require [the court] to assume Congress's enactment of § 553 was largely
9  superfluous." *Id*. at 353.

10  Plaintiff concedes that it cannot determine the method of interception here. Plaintiff's private investigator made no reference to the method of interception in his declaration. Plaintiff did not allege defendant intercepted a *satellite* transmission in the complaint, and therefore it is not a factual allegation that can be taken as true. While plaintiff acknowledges that it did not use the word "satellite" in the Complaint, it argues that, to the extent section 605 can only apply to a satellite violation, the failure to use the word "satellite" in the complaint is "academic." To the contrary, plaintiff's allegation that section 605 was violated does not give rise to a presumption that the factual predicate was also alleged, or that such factual allegations ought to be implied by the Court in the context of a default judgment. Failure to allege facts to satisfy the factual requirements of the statute is not merely "academic."

## II. STATUTORY DAMAGES ARE SUFFICIENT

The Report recommends granting $2,000.00 in statutory damages, based on the actual cost of the licensing fee. Under Section 553(c)(3)(A), plaintiff is entitled to: (i) actual damages suffered as a result of the violation and any profits of the violator attributable to the violation; or (ii) statutory damages in a sum not less than $250 or more than $10,000 "as the court considers just." 47 U.S.C. § 553(c)(3)(A) (i), (ii). "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *J & J Sports Prods. v. Ho*, No. 10–01883, 2010 WL 3912179, at *1 (N.D. Cal. Oct. 5, 2010). The Court make take into consideration variety of factors, including the actual cost of a commercial license,

2

defendant's incremental profits, use of a cover charge, increase in food price during programming, presence of advertising, number of patrons, number of televisions used, and the impact of offender's conduct on claimant. *See J & J Sports Prods., Inc. v. Concepcion*, No. C 10-05092 WHA, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011); *Mosley*, 2011 WL 2066713, at *5.

Here, plaintiff's investigator stated there was no cover charge. There is no allegation in the complaint, nor evidence in the record, of increased food or beverage prices. Plaintiff's investigator estimated there were around 20 patrons at the time of the violation in an establishment with a capacity of approximately 40. For a venue of this size, a commercial license for the broadcast would have cost $2,000. (Dkt. No. 16-4 at 17.)

While plaintiff contends that statutory damages should not be the same as the actual loss, and that statutory damages ought to be higher in order to deter a violator, the cases it cites do not support this proposition. Plaintiff's citation to *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952), which concerned a different statutory scheme for copyright infringement violations, is inapposite.[1] Plaintiff cites no Ninth Circuit authority on whether a court's determining of statutory damages under section 553(c)(3)(A) should take a deterrence motive into account, and the Court finds none. The First Circuit has held that "statutory damages [are] based solely on the estimated value of the services stolen, without consideration of other harms to [plaintiff] or of other policies favoring deterrence." *Charter Commc'ns Entm't I, DST v. Burdulis*, 460 F.3d 168, 181 (1st Cir. 2006). Thus, statutory damages should be "as reasonable an estimate of actual damages as the facts . . . allow," not greater, and any deterrent purposes are to be served other subsections of section 553, which provide enhanced damages for willfulness. *Id.; see also Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 275 (E.D. Pa. 2014) ("[w]hile deterrence is a universal issue addressed by § 553—the cause of action itself is a general deterrent . . . deterrence as a factor is better considered under the enhanced damages rubric, which requires a

---

[1] Plaintiff's citation to the district court's decision in *J & J Sports Prods., Inc. v. Tonita Rest., LLC*, No. 5:13-CV-382-REW, 2015 WL 9462975, at *4 (E.D. Ky. Dec. 28, 2015), is not persuasive. The court there, while recognizing that deterrence is a factor in determining *enhanced* damages, nevertheless included the same deterrence factor in determining the statutory damages.

3

showing of willfulness, *see* 47 U.S.C. § 553(c)(3)(B), than the statutory damages provision, which imposes strict liability. . . . nothing in the actual or statutory damages subsections... suggests that deterrence is an appropriate decisional factor.").

In short, the Court finds that the Report's determination that statutory damages should approximate the actual damages proven by plaintiff to be well-reasoned and correct.

### III. ENHANCED DAMAGES ARE PROPERLY DENIED

As to plaintiff's objection that it should not be denied enhanced damages, the Court finds the objection without merit. The Report recommended that no enhanced damages be awarded because plaintiff had not offered evidence of willful conduct. Under Section 553(c)(3)(B) "[i]n any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000." 47 U.S.C. § 553(c)(3)(B). A "higher amount of enhanced damages is appropriate . . . [in the case of] multiple violations." *J & J Sports Prods., Inc. v. Paniagua*, No. 10-CV-05141-LHK, 2011 WL 996257, at *2 (N.D. Cal. Mar. 21, 2011).

Allegations of willful conduct "are not well-pleaded facts . . . but simply [plaintiff's] legal conclusions, which . . . are not held to have [been] admitted through default." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "The mere assertion that Defendant acted willfully is insufficient to justify enhanced damages." *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000). Indeed, "many courts have found that where a defendant is not aware that it is unlawful to order one of Plaintiff's programs through a residential cable service to show at his commercial establishment, there is no willfulness in the 'unauthorized' receipt of the program at a commercial establishment." *J & J Sports Prods., Inc. v. Bolano*, No. 5:14-CV-03939-BLF, 2015 WL 4512322, at *4 (N.D. Cal. July 24, 2015) (collecting cases re: the same).

Plaintiff failed to meet its burden to present evidence that the violation here was willful rather unknowing. Plaintiff has not alleged facts or offered evidence to establish that defendant engaged in promotional activity, advertising, or other conduct to suggest that defendant acted "for

4

purposes of commercial advantage or private financial gain." Plaintiff's motion for default judgment suggested that defendant is a repeat offender, noting another action filed in this district against the same defendant. However, the alleged violation in the other action occurred within weeks of this one, and had not been decided as of the issuance of the Report here, much less prior to the filing of this action, undercutting an inference of willful, knowing conduct.[2]

Accordingly, and for the reasons set forth in the Report and herein:

1. the Report and Recommendation (Dkt. No. 23) to Grant the Motion for Default Judgment, in the amount stated therein, is **ADOPTED** in full;

2. plaintiff's objection, filed as a Motion for De Novo Determination Re: Motion for Default Judgment (Dkt. No. 25) is overruled and **DENIED**;

2. the motion for default judgment (Dkt. No. 16) is **GRANTED**;

3. judgment shall enter in the amount of $4,000.00 ($2,000 in statutory damages under 47 U.S.C. § 553(c)(3)(A)(ii) and $2,000 in damages for the conversion claim).

This Order terminates Docket Nos. 16, 23, and 25.

**IT IS SO ORDERED.**
Dated: July 3, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[2] Section 553(c)(3)(C) permits a reduction of the award of damages to $100.00 if a violator "was not aware and had no reason to believe that his acts constituted a violation of this section." 47 U.S.C. § 553(c)(3)(C). Based upon the facts deemed admitted here, rather than the conclusory allegations of willfulness, the inference that defendant was not aware his acts constituted a violation is equally as plausible as an inference that he was.

5